IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD G. BEHNE, JR., and BARRY KELLER,** | : <br> : <br> : **Civil No. 1:13-CV-0056** |
| **Plaintiffs** | : |
| v. | : <br> : |
| **TAMI HALSTEAD, LORRIE NULTON, JASON EHRHART, JAMES PRESCOTT, THOMAS FITZPATRICK, and the BOROUGH OF NEWPORT,** | : <br> : <br> : <br> : <br> : <br> : **Judge Sylvia H. Rambo** |
| **Defendants** | : |

## **M E M O R A N D U M**

On July 9, 2013, this court held a conference call with attorney Richard Wix on behalf of Plaintiffs, and attorney Anthony Sherr, on behalf of Defendants. One of the purposes of this conference call was to address discovery issues related to certain documents requested by Plaintiffs and withheld by Defendants. Pursuant to that conference call, an order issued which directed, in part:

> 1) Defendants shall submit a revised privilege log that adequately sets forth the description and subject matter of the withheld documents, as well as the basis for the privilege asserted no later than July 19, 2013.
>
> 2) Defendants shall submit any withheld document identified on the privilege log for an *in camera* review no later than July 19, 2013.

(Doc. 26.) Defendants complied with this part of that order.

On July 25, 2013, this court sent a memorandum to both counsel in which the court set forth its intended ruling. Of concern to the court were documents in the privilege log numbered 18, 21, 22, 26, 30, 31, 32, 33, 35, and 36. This issue

queried by this court was whether these documents were between an attorney and a client and whether legal advice was being sought. In an e-mail sent to the court on August 23, 2013 by attorney Sherr, he advised that it was anticipated that Mr. Laskowski and Ms. Miller were to be reappointed as solicitors for the Newport Borough counsel and were, in fact, appointed "in and about June of 2012." Mr. Sherr also cited a district court case, the Pennsylvania Rules of Professional Conduct, and a Pennsylvania statute concerning attorney-client privilege.

This court agrees that 42 Pa. Cons. Stat. Ann. § 5928 provides that "in a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same. . . ." Rule 1.18 of the Pennsylvania Rules of Professional Conduct covers duties to prospective clients. It reads in part as follows:

> (a) A person who discusses with a lawyer the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.
>
> (b) Even when no client-lawyer relationship ensues, a lawyer who has had discussions with a prospective client shall not use or reveal information which may be significantly harmful to that person learned in the consultation, except as Rule 1.9 would permit with respect to information of a former client.

The explanatory comment following this rule states:

> [1] Prospective clients, like clients, may disclose information to a lawyer, place documents or other property in the lawyer's custody, or rely on the lawyer's advice. A lawyer's discussions with a prospective client usually are limited in time and depth and leave both the prospective client and the lawyer free (and sometimes required) to proceed no further. Hence, prospective clients should receive some but not all of the protection afforded clients.
>
> [2] Not all persons who communicate information to a lawyer are entitled to protection under this Rule. A person

2

> who communicates information, such as an unsolicited e-mail or other communication, to a lawyer, without any reasonable expectation that a client-lawyer relationship will be established is not a "prospective client" within the meaning of paragraph (a).

(Emphasis added.)

In *Constand v. Cosby*, 232 F.R.D. 494 (E.D. Pa. 2006), the court set forth the traditional elements of the attorney-client privilege:

> (1) the asserted holder of privilege is or sought to become a client;
>
> (2) the person to whom the communication was made (a) is a member of the bar of a court, or his or her subordinate, and (b) in connection with this communication is acting as a lawyer;
>
> (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (I) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and (d) not for the purpose of committing a crime or tort; and
>
> (4) the privilege has been (a) claimed and (b) not waived by the client.

(*Id*. at 501.)

It is this court's opinion that Tami Halstead was not seeking attorney representation or advice from Stan Laskowski. At all times during the communication from Halstead to Laskowski, Halstead was represented by Tony Sherr. Nor can it be said that as a member of Newport Borough Council she was seeking advice on the Borough's behalf. There is no indication in the record before this court that she had the authority on behalf of the council to seek advice.

In Exhibit 31, page 2, dated March 20, 2012, entitled Newport Borough Counsel Meeting, there appears the following statement: "Before the meeting

3

President Barb Heart stated that we were not voting tonight on agenda item #2 which was hiring an attorney." According to Exhibit 32 at page 3, as of August 6, 2012, Laskowski was not the solicitor for the Borough of Newport. The then-existing solicitor resigned on or about August 20, 2012. (*See* Exhibit 33, e-mail of August 20, 2012 from Halstead to Laskowski.) It does appear that a majority of the council are seeking to have Laskowski as the borough solicitor as of August 14, 2012 or August 20, 2012 and, therefore, the last two pages of Exhibit 33 are protected.

Otherwise, it is this court's opinion that the e-mails, set forth in the accompanying order, were unsolicited e-mails and communication to a lawyer, without any reasonable expectation that a client-lawyer relationship would or will be established and is therefore not a prospective client – neither for herself or on behalf of the Newport Borough. Furthermore, it does not appear that any of the e-mails seek legal advice, opinion of law, or assistance in some legal proceeding.

An appropriate order will be issued.

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated: September 3, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**RICHARD G. BEHNE, JR., and BARRY KELLER,**

    **Plaintiffs**

    v.

**TAMI HALSTEAD, LORRIE NULTON, JASON EHRHART, JAMES PRESCOTT, THOMAS FITZPATRICK, and the BOROUGH OF NEWPORT,**

    **Defendants**

Civil No. 1:13-CV-0056

Judge Sylvia H. Rambo

## O R D E R

AND NOW, this 3rd day of September, 2013, **IT IS HEREBY ORDERED THAT** the following documents shall be disclosed by Defendants to Plaintiffs:

| | |
|---|---|
| Exhibit 4 | Proposed letter (only) to Behne. If sent, privilege waived. |
| Exhibit 8 | Proposed press release only (if published). |
| Exhibit 10 | Newspaper release (if released). |
| Exhibit 11 | Statement of Borough (if published). |
| Exhibit 15 | Policy re: GPS Systems (if adopted). |
| Exhibit 16 | Arbitration Decision. |
| Exhibit 19 | Letter (if sent). |
| Exhibit 24 | Administrative Policy (if adopted). |
| Exhibit 25 | Letter (if sent). |
| Exhibit 29 | Report on motion. |

| | |
|---|---|
| Exhibits 30-34 | E-mails.[1] |
| Exhibit 37 | Press release. |
| Exhibit 56 | E-mail. |
| Exhibit 59 | E-mail. |
| Exhibit 62 | E-mail. |

                                                s/Sylvia H. Rambo
                                                United States District Judge

---

[1] Except for the last 2 pages of Exhibit 33.