IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD G. BEHNE, JR. and BARRY KELLER,** : <br> : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> **TAMI HALSTEAD; LORRIE NULTON; JASON EHRHART; JAMES PRESCOTT; THOMAS FITZPATRICK; and the BOROUGH OF NEWPORT,** : <br> : <br> **Defendants** : | **CIVIL No. 1:13-CV-0056** <br><br><br><br><br><br><br><br> **Judge Sylvia H. Rambo** |

## MEMORANDUM

Presently before the court is Plaintiffs' motion to quash a subpoena (Doc. 106) that had been noticed by Defendants and directed to Fort Indiantown Gap, a former employer of Plaintiff Behne. Defendants sought the subpoena in connection with a civil jury trial in the captioned action currently scheduled to commence on October 15, 2014. For the reasons that follow, the court will quash the subpoena on the grounds that it violates the court's March 13, 2013 case management order. (*See* Doc. 9.)

### I. Procedural Background

On March 13, 2013, the court entered a case management order (Doc. 9), wherein it set forth a fact discovery deadline of July 1, 2013.[1] On May 12, 2014, the court set trial for July 22, 2014, at 8:30 a.m. in Courtroom Number 3. (Doc. 81.)

---

[1] On September 17, 2013, the court stayed the remaining case management deadlines pending disposition of two pending motions for summary judgment. (Doc. 65.) However, the order had no impact on the discovery deadline as it had already passed.

On July 10, 2014, Defendants served a subpoena upon the custodian of records for Fort Indiantown Gap, a non-party, to appear and testify at the trial in this civil matter on July 22, 2014, and to produce at that time any employment records concerning the employment of Plaintiff Behne. (Doc. 107-2.) Plaintiffs' counsel was simultaneously served with a copy of the subpoena. (*See* Doc. 107, p. 1 of 3.) On July 18, 2014, the trial was rescheduled for October 15, 2014. (Doc. 103.) On August 8, 2014, Fort Indiantown Gap advised Plaintiff Behne that it was going to forward copies of his personnel file to defense counsel unless he took immediate action to quash the subpoena. (Doc. 107, p. 2 of 3.)

On August 11, 2014, Plaintiffs filed a motion to quash the subpoena (Doc. 106) on the ground that it was not issued in accordance with the procedure governing this litigation. On August 22, 2014, Plaintiffs filed a brief in support of their motion (Doc. 107), arguing that the subpoena does not provide for the records to be sent to defense counsel's office, that the continuance of trial rendered the subpoena moot, and that the records are not relevant to Plaintiff Behne's claims.[2] (*Id.* at p. 2 of 3.) Plaintiffs' motion also indicated that Plaintiffs object to the subpoena on the basis that the discovery deadlines in this case have closed. (*Id.*)

---

[2] In their memorandum in support of the motion to quash the subpoena, Plaintiffs state that they advised Defendants that they are not seeking lost wages or travel expenses "after [Plaintiff Behne's] last day of work at Fort Indiantown Gap. Since his employment ended on June 16, 2014, whatever happened beyond that date is not relevant to his damage claims." (Doc. 107, p. 2 of 3.) However, in an email dated July 16, 2014, and attached as an exhibit to Plaintiffs' response to Defendants' opposition (Doc. 113-1, p. 1 of 3), Plaintiffs' counsel states that "This will also confirm that we will not be seeking a wage claim for Officer Behne beyond the date that he returned to employment" (*id.*). Plaintiffs state the same in their responsive brief. (*See* Doc. 113, p. 2 of 2 ("Plaintiff has previously advised that he was not seeking any wage claim beyond the date when he returned to employment at Fort Indiantown Gap.").) Thus, the court will assume that Plaintiff's statements to the contrary in his memorandum in support of the motion to quash (Doc. 107, p. 2 of 3) were written in error and will disregard them. While the issue is not relevant to resolution of the instant motion, the court recognizes that the issue may be significant in the future.

Defendants opposed the motion to quash on September 2, 2014 (Doc. 112), contending that: (1) Plaintiffs' motion to quash was untimely filed; (2) that Plaintiffs lacked standing to move to quash the subpoena; (3) the records are relevant to Plaintiff Behne's damages and the Borough of Newport's defense in this case; and, (4) although the subpoena sought information that had not been disclosed during discovery, the information related to events which occurred after the close of discovery.

**II.        Legal Standard**

Federal Rule of Civil Procedure 45(d)(3)(A) sets forth the circumstances under which the court must quash a subpoena.  In relevant part, Rule 45 provides that, on timely motion, the issuing court must quash a subpoena if it subjects a person to undue burden, or if it requires disclosure of protected matter. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). "The party seeking to quash the subpoena bears the burden of demonstrating that the requirements of [Rule 45] are satisfied, and that burden is a heavy one. *Malibu Media, LLC v. John Does 1-18*, Civ. No. 12-7789, 2014 WL 229295, *6 (D.N.J. Jan. 21, 2014).

"A Rule 45 subpoena *served in conjunction with discovery* must fall within the proper scope of discovery under [Federal Rule of Civil Procedure] 26(b)(1)." *Schmulovich v. 1161 RT. 9, LLC*, Civ. No. 07-597, 2007 WL 2362598, *2 (D.N.J. Aug. 15, 2007) (emphasis added).  If a subpoena falls outside the scope of permissible discovery, the court may quash or modify it upon motion by the party served. *Id*.  Significantly, a subpoena is subject to the same scheduling order deadlines as other forms of discovery. *Joseph v. Linehaul Logistics, Inc.*, Civ. No.

11-114-M-JCL, 2012 WL 3779202, *4 (citing *Marvin Lumbar & Cedar Co. v. PPG Industries, Inc.*, 177 F.R.D. 443, 444 (D. Minn. 1997)).

**III.      Discussion**

     **A.      Timeliness**

     Under Rule 45, "[e]very subpoena must: . . . command each person to whom it is directed to do the following *at a specified time and place*: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises . . . ." Fed. R. Civ. P. 45(a)(1)(A)(iii) (emphasis added). A motion to quash a subpoena must be filed within the specified compliance period or within fourteen days after the subpoena is served, whichever is earlier. Fed. R. Civ. P. 45(d)(B).

     Here, the subpoena was issued on July 10, 2014, and directed the custodian of records of Fort Indiantown Gap to appear at the courthouse on July 22, 2014, at 8:30 a.m., and to produce at that time Plaintiff Behne's employment records. On July 18, 2014, the trial was continued to October 15, 2014. On August 11, 2014, Plaintiffs filed the instant motion to quash.

     In their motion, Plaintiffs argue that the subpoena was discharged by the continuance of the trial date. Defendants contend, on the other hand, that the subpoena is still valid for purposes of obtaining the employment records, a fair reading of which demonstrates their position that the trial continuance effectively postponed the July 22, 2014 return date set forth in the subpoena to October 15, 2014, and that, because Plaintiffs failed to object within fourteen days of the issuance

of the subpoena, the motion to quash is untimely. In response, Plaintiffs argue that, because they were under the assumption that the subpoena was moot, they had no reason to object to its issuance until they were advised by Fort Indiantown Gap on August 8, 2014, that it intended to forward the employment records to defense counsel. Thus, this dispute raises the preliminary issue of whether a continuance of trial extends the return date of a trial subpoena.

The court need not reach this issue, however, because it determines that the subject of discovery, *i.e.*, Plaintiff Behne's personal employment records, which Plaintiff Behne has an interest in, *see infra* part III B, is being requested to be produced ahead of trial and outside the time period for discovery. Such a request is improper and, for the reasons explained below, in violation of the court's scheduling order, namely, the discovery deadline.

### B. Standing

Generally, a motion to quash or modify a subpoena directed to a non-party must be brought by the non-party itself. *See Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434-35 (E.D. Pa. 2001). However, "[a] party has standing to bring a motion to quash or modify a subpoena upon a non-party when the party claims a personal privilege in the production sought." *Schmulovich*, 2007 WL 2362598 at *2. For example, a party has sufficient standing to challenge a subpoena issued to a bank that seeks disclosure of that party's financial records. *Id*. This court is satisfied that Plaintiffs have standing to bring this motion because the subpoena seeks disclosure of Plaintiff Behne's personal employment records.

### C. Merits

Despite the parties' various contentions regarding the relevancy of the subpoena, the ultimate issue in the matter sub judice arises from the requirements of scheduling orders and adherence to their deadlines. Rule 16 of the Federal Rules of Civil Procedure requires a court to enter pretrial orders setting deadlines for, among other things, the completion of discovery. Fed. R. Civ. P. 16(b). A court may only modify a scheduling order upon a showing of good cause. *Id*. at 16(b)(4). This authority extends to requests to reopen discovery. *In re Chocolate Confectionary Antitrust Litig., MDL 1935*, Civ. No. 1:08-MDL-1935, 2013 WL 3873225, *2 (M.D. Pa. July 25, 2013).

The March 13, 2013 case management order in this case established a discovery deadline of August 1, 2013. (Doc. 9) Obviously, the subpoena Defendants served upon Fort Indiantown Gap on July 10, 2014 falls beyond this deadline. To argue that the court should allow the subpoena to be converted into a pretrial discovery mechanism to obtain documents rather than a trial subpoena would be effectively ignoring the purposes of the scheduling order which is "at the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1996). The careful scheme of reasonable framing and enforcement of scheduling orders would be nullified if a party could simply propound discovery on the eve of trial – long after the discovery deadline has expired – without any showing of good cause.

Accordingly, because Defendants did not file a motion to reopen discovery pursuant to Federal Rule of Procedure 16(b) to seek the additional discovery from Fort Indiantown Gap, the motion to quash the subpoena will be

granted to the extent it seeks to prevent Fort Indiantown Gap from producing the records ahead of trial.

**IV.**     **Conclusion**

For the reasons set forth above, the court finds that the subpoena violates the court's March 13, 2013 case management order, and will therefore grant Plaintiffs' motion to quash the subpoena to the extent it seeks to prevent Fort Indiantown Gap from producing the records ahead of trial.

An appropriate order will issue.

                                                         s/Sylvia H. Rambo
                                                         United States District Judge

Dated:  September 18, 2014.