IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD G. BEHNE, JR. and BARRY KELLER,** : | |
| : | **CIVIL No. 1:13-CV-0056** |
| **Plaintiffs** : | |
| : | |
| v. : | |
| : | |
| **TAMI HALSTEAD; LORRIE NULTON; JASON EHRHART; JAMES PRESCOTT; THOMAS FITZPATRICK; and the BOROUGH OF NEWPORT,** : | |
| : | **Judge Sylvia H. Rambo** |
| **Defendants** : | |

# **M E M O R A N D U M**

Presently before the court is Defendants' motion to mold the verdict, wherein Defendants seek to deduct the amounts previously paid by Defendant Borough of Newport pursuant to an Act 111 Impact Arbitration Award from the compensatory damages awarded by the jury. (Doc. 157.) For the following reasons, the motion will be granted in part and denied in part.

## **I.      Background**

As the court writes primarily for the parties, it will forego a lengthy recitation of the factual and procedural background of this case and instead provide only that which is pertinent to the resolution of the instant motion.

In this Section 1983 action, Plaintiffs Richard Behne and Barry Keller, former Newport police officers, alleged, *inter alia,* that the Borough of Newport and several of its council members violated their Fourteenth Amendment procedural due process rights in the course of disbanding the Newport police department, and that

Defendants unlawfully retaliated against them in violation of their First Amendment right to free speech. Following a six-day trial, the jury returned a verdict in which it awarded to Plaintiffs compensatory and punitive damages due to its conclusion that the Borough of Newport and several of the individual defendants had violated Plaintiffs' right to procedural due process. Specifically, the jury awarded Plaintiff Behne compensatory damages in the amount of $27,099.80, finding that 10 percent was attributable to each Defendants Borough of Newport, Lorrie Nulton, and Jason Ehrhart, with the remaining 70 percent attributable to Defendant Tami Halstead. (Doc. 153, p. 4 of 5.) The jury further awarded Plaintiff Behne punitive damages against Defendant Halstead in the amount of $25,000, based on its finding that she acted maliciously in violating Plaintiff Behne's rights. (*Id.* at p. 5 of 5.) The jury awarded to Plaintiff Keller compensatory damages in the amount of $34,596.42, finding that 20 percent was attributable to Defendant Borough of Newport, 10 percent was attributable to each Defendants Nulton and Ehrhart, and 60 percent was attributable to the conduct of Defendant Halstead. (Doc. 154, p. 4 of 5.) The jury further awarded Plaintiff Keller punitive damages against Defendant Halstead in the amount of $10,000, based on its finding that she acted maliciously in violating Plaintiff Keller's rights. (*Id.* at p. 5 of 5.)

During trial, Defendants sought to introduce evidence regarding an arbitration award previously entered in favor of Plaintiffs related to the disbandment of the police force for purposes of potentially reducing the jury's compensatory damages award. Because the court lacked a clear understanding as to the nature and amount of the arbitration award, the court excluded the proffered evidence, and made clear that it would instead mold the verdict following trial if it found that the

arbitration award should properly act as a credit toward the amount awarded by the jury. Following the return of the jury's verdict, the court issued an order directing the parties to submit briefing within seven days on Defendants' request to mold the verdict and deferred the entry of final judgment pending the disposition of the oral motion. (Doc. 155.) On October 30, 2014, Plaintiffs filed an opposition to Defendants' request to mold the verdict (Doc. 156), and, on October 31, 2014, Defendants filed their formal motion to mold the verdict (Doc. 157). Accordingly, the matter is ready for consideration.

**II.** **Discussion**

In their motion to mold the verdict, Defendants argue that the jury's verdict for lost wages and benefits should be reduced to reflect an Act 111 Impact Arbitration Panel's previous award to Plaintiffs for lost wages and benefits related to the disbandment of the police department. (Doc. 157, p. 2 of 6.) Defendants argue that the arbitration award was paid directly by Defendant Borough of Newport, rather than by a collateral source, and that the court's refusal to mold the verdict would result in Plaintiffs receiving and Defendant Borough of Newport being forced to remit a double payment for Plaintiffs' lost wages and benefits. (*Id.* at pp. 2-3 of 6.) Plaintiffs, on the other hand, contend that Defendants' failure to assert the payment of the arbitration award as an affirmative defense in their amended complaint is fatal to Defendants' ability to raise such a defense now and should result in a waiver. In the alternative, Plaintiffs argue that the verdict should not be reduced by certain items that were included in the arbitration panel's award, such a compensation for accrued but unused vacation and personal leave, because

these damages were not presented to the jury and thus, do not risk duplicate recovery for the same harm.

### A. Whether Defendants' failure to plead payment of the arbitration award as an affirmative defense acted as a waiver to assert the defense at trial

The first issue is whether Defendants' failure to plead payment of the arbitration award as an affirmative defense in their amended answer results in a waiver of their right to argue that the court should mold the jury's verdict to reflect Defendant Borough of Newport's prior payment. Although payment of the arbitration award is an affirmative defense that must be pleaded in a responsive pleading, the court concludes that Defendants did not waive their ability to assert such a defense at trial.

Federal Rule of Civil Procedure 8(c) provides that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defenses," and sets forth a non-exhaustive list of various enumerated affirmative defenses, including "arbitration and award" and "payment." Fed. R. Civ. P. 8(c). Here, Defendants argue that the verdict should be reduced by the amounts previously paid by Defendant Borough of Newport to Plaintiffs pursuant to the arbitration award. The court concludes that these payments fall within the scope of Rule 8(c), and that Defendants erred in not including this issue in the pleadings as an affirmative defense.

Nevertheless, the court will consider molding the verdict to reflect the payment of the arbitration award. The general rule is that the failure to raise an affirmative defense by a responsive pleading or appropriate motion will result in the waiver of that defense. *Charpentier v. Godsil*, 937 F.2d 859, 863 (3d Cir. 1991).

However, under Federal Rule of Civil Procedure 15(a), a responsive pleading may be amended at any time by leave of court to include an affirmative defense and such leave should be freely given unless the opposing party will be prejudiced. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). Under Rule 15(b), the pleadings may be amended during or after trial to conform to the evidence presented, *see* Fed. R. Civ. P. 15(b), and thus, a party's failure to plead an affirmative defense is not necessarily fatal to its ability to assert it at trial. Moreover, the liberal pleading rules apply to the pleading of affirmative defenses, and the court "must avoid hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of the rule." *Hassan v. United States Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988). "The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed." *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002). When a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice. *Hassan*, 842 F.2d at 263.

In the instant case, it would be inappropriate to hold that Defendants waived their defense of Defendant Borough of Newport's prior payment of the arbitration award. Plaintiffs were undoubtably alerted of the issue before trial, as it was raised by Defendants in correspondence to both the court and to Plaintiffs prior to trial, and was addressed again during a conference immediately prior to jury selection and at a sidebar during trial. Thus, Plaintiffs had notice that Defendants planned to raise the issue. Further, Plaintiffs have not claimed that they would be

prejudiced in any way by Defendants failure to plead this defense, and the issue involves no factual disputes. Therefore, the court concludes that Defendants' failure to plead payment of the arbitration award in its amended answer does not operate as a waiver of this defense, and will examine the merits of molding the verdict to reflect Defendant Borough of Newport's payment of the award.

### B. Whether the verdict should be reduced to reflect the Borough's prior payment of the arbitration award

Defendants argue that the court should reduce the verdict by the amount paid by Defendant Borough of Newport pursuant to an Act 111 Arbitration Award. An arbitration hearing was held on January 30, 2013, wherein Teamsters Local 776, on behalf of Plaintiffs Behne and Keller, and Defendant Borough of Newport presented evidence and examined witnesses regarding the disbandment of the police department. (*See* Doc. 157-2, p. 4 of 12.) The issue before the arbitration panel was "the impact of the Borough's decision to no longer provide police services by disbanding its police department." (*Id.*) Following the hearing, the panel awarded severance to Plaintiff Behne in the amount of $13,827.96,[1] and awarded severance to

---

[1] The arbitration panel assessed Plaintiff Behne's severance sum as follows:

| | |
|---|---|
| 26 weeks of salary: | $21,944.00 |
| Less offset for Unemployment Compensation: | (10,892.00) |
| Payment of 3.25 hours of Court time: | 68.61 |
| Accrued but unused sick leave: | 205.82 |
| Accrued but unused vacation and personal leave: | 2,501.53 |
| Total: To be paid as W2 wages, *i.e.*, minus taxes, and withholdings | $13,827.96 |

(Doc. 157-2, p. 5 of 12.)

Plaintiff Keller in the amount of $13,567.15.[2] (*Id.* at p. 5 of 12.) The panel also awarded to each Plaintiff $3,000.00 as compensation for loss of paid healthcare benefits. (*Id.* at p. 6 of 12.)

Pennsylvania follows the collateral source rule, which permits a plaintiff to recover more than once for the same injury in certain cases where the recoveries come from different, *i.e.*, collateral, sources. *Leeper v. United States*, 756 F.2d 300, 303 (3d Cir. 1985). In other words, payments from a collateral source will not diminish the damages otherwise recoverable from the wrongdoer. *Nigra v. Walsh*, 797 A.2d 353, 356 (Pa. Super. Ct. 2002). The principal behind this rule is that "it is better for the wronged plaintiff to receive a potential windfall than for a tortfeasor to be relieved of responsibility for the wrong." *Johnson v. Beane*, 664 A.2d 96, 100 (Pa. 1995); *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 928 (3d Cir. 1999) ("The collateral source rule . . . is aimed at preventing a tortfeasor from benefitting from a third party's payment to the injured party.").

In the instant case, however, the payments at issue were made directly by the defendant, rather than by an independent source. (*See* Doc. 157-2 (indicating that the Borough of Newport's insurance does not apply to wages, salaries, fringe

---

[2] The arbitration panel assessed Plaintiff Keller's severance sum as follows:

| | |
|---|---|
| 26 weeks of salary: | $24,154.00 |
| Less offset for Unemployment Compensation: | (11,824.38) |
| Payment of 13.25 hours of Court time: | 307.93 |
| Accrued but unused vacation and personal leave: | 929.60 |
| Total: To be paid as W2 wages, i.e., minus taxes, and withholdings: | $13,567.15 |

(*Id.* at pp. 5-6 of 12.)

benefits, and employee benefits); Doc. 163 (reflecting payments made by the Borough of Newport to Plaintiffs).) The law provides that if "the tortfeasor himself has already paid a portion of the injured party's damages, his own liability is correspondingly reduced." *Steamfitters*, 171 F.3d at 928 n.9 (citing Restatement (Second) of Torts § 920A(1) (1979)); *Laskowski v. United States Dep't of Veterans Affairs*, 918 F. Supp. 2d 301, 329 (M.D. Pa. Jan. 16, 2013) ("[A] payment made by a tortfeasor or by a person acting for him to a person whom he has injured is credited against his tort liability, as are payments made by another who is, or believes he is, subject to the same tort liability."). Because the payments made to Plaintiffs pursuant to the arbitration award were paid by Defendant Borough of Newport itself and not from a source collateral to Defendants, the court will mold the verdict.

### C. **Whether the verdict should be reduced to reflect the total amount awarded by the arbitration panel**

The final issue concerns the proper amount by which to reduce the verdict. Defendants argue that the verdict should be reduced by the total amount awarded by the arbitration panel to Plaintiffs for severance and lost benefits. Plaintiffs, however, contend that the verdict should not be reduced by the total amount awarded because the panel's award included compensation for certain losses that Plaintiffs did not claim as damages at trial. Specifically, Plaintiffs argue that the panel's award to Plaintiff Behne included compensation for accrued but unused leave and loss of paid healthcare benefits, but that neither of these types of damages were presented by Plaintiffs to the jury as part of Plaintiff Behne's claim for compensatory damages. Therefore, Plaintiffs argue that the amounts awarded as compensation for these losses should not be deducted from the verdict. Similarly, Plaintiffs argue that the verdict should not be reduced by the amount awarded by the panel for Plaintiff

Keller's accrued but unused leave. Plaintiffs also argue that, although they presented testimony regarding Plaintiff Keller's loss of paid healthcare benefits, there is no indication that the jury took this claim into consideration in awarding damages, and therefore, the verdict should not be reduced by the panel's award for this loss.

According to the Third Circuit's model jury instructions, which the court provided to the jury, "[c]ompensatory damages must not be based on speculation or sympathy. *They must be based on evidence presented at trial*, and only that evidence." 3d Cir. Model Jury Instruction No. 4.8.1. Here, the arbitration panel's award included compensation for certain losses that Plaintiffs did not claim as part of their damages at trial. Thus, the jury had no basis to include compensation for those losses in its damages award. Accordingly, these amounts are not subject to double payment by Defendants or double recovery by Plaintiffs.

The court has reviewed the trial transcript and finds that Plaintiffs did not introduce evidence or make any claim at trial regarding Plaintiff Behne's and Plaintiff Keller's accrued but unused leave. Therefore, the court will not reduce the verdict by the amounts awarded by the panel to compensate Plaintiffs for this leave. Likewise, Plaintiffs did not present evidence or make any claim related to Plaintiff Behne's loss of paid healthcare benefits. Therefore, the court will not reduce the verdict by the amount awarded by the panel to compensate Plaintiff Behne for loss of paid healthcare benefits. However, because Plaintiff Keller presented evidence regarding the loss of his paid healthcare benefits at trial, the court will reduce the verdict by the panel's award for this loss as it would have been appropriate for the jury to consider it in calculating Plaintiff Keller's damages.

Accordingly, the jury's verdict will be molded as follows: Plaintiff Behne's lost wages and benefits award of $17,099.80 will be reduced by $11,120.61,[3] yielding a lost wages and benefits award of $5,979.19. Plaintiff Keller's lost wages and benefits award of $24,596.42 will be reduced by $15,637.55,[4] yielding a lost wages and benefits award of $8,958.87.

## III. Conclusion

For the reasons stated above, Defendants' motion to mold the verdict will be granted in part and denied in part. The court will mold the verdict to reduce Plaintiff Behne's lost wages and benefits award to $5,979.19, and will reduce Plaintiff Keller's lost wages and benefits award to $8,958.87.

s/Sylvia H. Rambo<br>United States District Judge

Dated: November 14, 2014.

---

[3] The court has reduced the severance award of $13,827.96 by $2,707.35, *i.e.*, the sum of the amounts awarded by the panel for accrued but unused sick leave ($205.82) and accrued but unused vacation and personal leave ($2,501.53). (*See* Doc. 157-2.)

[4] This figure represents the lost benefits award of $3,000.00, plus the severance award of $13,567.15, which the court has reduced by $929.60, *i.e.*, the amount awarded by the panel for accrued but unused vacation and personal leave. (*See id.*)